CHARLES DOLCI, PLAINTIFF, v. PUBLIC SERVICE CO-
ORDINATED TRANSPORT, DEFENDANT.

Decided July 22, 1931.

For the plaintiff, *Heller & Boss.*

For the defendant, *Henry H. Fryling.*

MACKAY, C. C. J. The plaintiff in this case seeks to re-
cover compensation for injuries sustained as the result of an
accident occurring September 17th, 1929, at the corner of
Bergen and Lexington avenues, Clifton, New Jersey.

Plaintiff claims he was traveling in a northerly direction
along Lexington avenue at about ten to twelve miles an hour.
The defendant's bus was traveling in an easterly direction
on Bergen avenue. The plaintiff claims that the bus was
traveling between thirty-five and forty-five miles an hour at
the time it made the turn; that it did not stop at the stop
street sign and came over to the plaintiff's side of the road-
way. The plaintiff is not corroborated as to the speed of the
bus by his witness.

The charges of negligence, as I gather it, are three in
number: (1) failure to stop at the stop street sign; (2)
traveling thirty-five to forty-five miles an hour, and (3)
coming over on to the plaintiff's side of the roadway to the
east of the center line.

The only witness for the plaintiff was a man who was fol-
lowing the bus. He testified that it kept going but after the
accident wasn't quite sure whether it was to the east of the
center line of the roadway or not.

The defendant contends that the rule to show cause should be made absolute because the verdict is contrary to the weight of the evidence.

From the story told by eight witnesses produced for the defendant, one of whom, the bus driver, was an interested party, it appears that the bus stopped at the stop street sign, started in first gear, was partly turned into Lexington avenue, when the driver put on his brakes and stood still; that at that point the bus was standing still at an angle; that the plaintiff was a distance of approximately fifty feet or more away on the west side of the road, traveling north and looking west, and at that particular time when the plaintiff was looking west the bus was west or a little north-west of his line of vision; that the bus driver blew his horn and when it was too late the plaintiff, in an attempt to get out of the way, struck the right front side of the bus with his left front side. A witness who was traveling in a northerly direction said he attempted to pass the plaintiff on the left and blew his horn because he was in a hurry to get to the hospital. Plaintiff would not move over so he passed him on the right. This was a few seconds before the accident happened.

The weight of the evidence in favor of the defendant is so overwhelming that I am forced to the conclusion that the verdict was the result of prejudice or mistake on the part of the jury.

I agree that the law laid down in the cases cited by plaintiff in his brief is a correct exposition thereof, but there are other cases which are not cited which seem to me to be in point in this case.

In the case of *Dickinson* v. *Erie Railroad Co., 85 N. J. L.* 586, the court referred to a previous trial of this case in which the verdict was set aside by the Supreme Court as being contrary to the weight of the evidence. It seemed that Judge Adams granted a nonsuit and the Court of Errors and Appeals reversed the same, holding that the case should have gone to the jury and that it was the province of the Supreme Court to set aside the verdict and not the Circuit

Court judge. Under the new law a Circuit Court judge, having the same powers as the Supreme Court, can now set the verdict aside if the evidence warrants it.

To justify a court in setting aside a verdict of a jury on the ground that it is against the weight of the evidence it must be so palpable as to give rise to the inference that it is the result of mistake, passion, prejudice or partiality. *Floersch* v. *Donnell,* 82 *N. J. L.* 357.

Counsel for plaintiff calls attention to the mistake in the defendant's brief to the effect that the right side of the bus came in contact with the right side of the plaintiff's car. From the evidence it appears that it was the right side of the bus and the left side of the plaintiff's car.

In the present case the verdict is against the clear weight of the evidence relative to stopping at the stop street sign, the speed of the bus and the side of the road the bus was on prior to and at the time of the happening of the accident, and, therefore, the verdict must be set aside and a new trial ordered.

Rule to show cause made absolute and *venire de novo* awarded.